T.C. Summary Opinion 2005-74

UNITED STATES TAX COURT

IRENE LUCILLE GRIFFEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8098-04S.          Filed June 7, 2005.

Irene Lucille Griffen, pro se.

<u>Miriam C. Dillard</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of sections 6330(d) and 7463 of the Internal Revenue Code in effect at the time that the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect at relevant times.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

The petition in this case was filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination). Pursuant to section 6330(d), petitioner seeks review of respondent's determination to proceed with collection of her tax liability of $1,837.02 for 1998. The issue for decision is whether the Appeals officer abused her discretion in sustaining a proposed levy to collect petitioner's unpaid income tax liability.

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. Petitioner resided in Bristol, Virginia, at the time the petition was filed.

## Background

### A.    Petitioner's 1998 Tax Return

Petitioner timely filed her Form 1040, U.S. Individual Income Tax Return, for 1998 as a head of household. On that return, she claimed four dependency exemptions and an earned income credit for two qualifying children. Respondent issued petitioner a refund of $3,528.

Respondent later notified petitioner that her 1998 return was being examined because another individual had claimed the same children. Respondent requested documentation to verify petitioner's claimed exemptions and credit.

Petitioner submitted a copy of her daughter's driver's license, Social Security card, and birth certificate. She also

submitted copies of her two granddaughters' Social Security cards and hospital birth records.

On November 29, 2000, respondent issued to petitioner a notice of deficiency by certified mail in which respondent determined that petitioner is not entitled to head of household filing status, dependency exemptions, or the earned income credit. The IRS subsequently sent other correspondence concerning petitioner's case to the same address, 13750 S.E. 26th Street, Morriston, Florida, 32668, which petitioner received.

Petitioner submitted canceled checks and utility statements in an attempt to obtain reconsideration of the deficiency. Respondent reviewed the documentation and notified petitioner of respondent's refusal to change the determinations set forth in the notice of deficiency.

B.    Respondent's Collection Actions

Respondent withheld petitioner's 2000 Federal income tax refund and applied it toward the outstanding tax liability for 1998. Respondent also withheld petitioner's 2001 and 2002 Federal income tax refunds and applied them toward her 1998 balance.

On September 1, 2003, respondent issued to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing. Petitioner timely filed a Form 12153, Request for a Collection Due Process Hearing (hearing), in which she asserted

that she did not owe the taxes because the liability had been discharged in a Chapter 7 bankruptcy proceeding in 2002.

C.    Petitioner's Appeals Hearing

During the telephonic hearing, petitioner told Appeals Officer Carolyn Jackson (Ms. Jackson) that she had previously given the auditor all of the information requested.  She stated that as soon as she received the notice of deficiency, she gave the auditor additional information to verify the earned income credit, dependency exemptions, and head of household filing status.  Petitioner said she never heard from the auditor again regarding her consideration of the additional information.  She also stated that she had filed for bankruptcy and had been told that her slate had been wiped clean.

Ms. Jackson discussed with petitioner installment agreements and the possibility of placing her account in "currently not collectible" status.  When petitioner indicated that she wanted to discuss the options in greater detail at a later date, Ms. Jackson set up a telephonic conference for March 1, 2004.  On that date, petitioner called and indicated she would not be able to participate because her daughter was ill.  Ms. Jackson rescheduled the conference to March 15, 2004.  On that date, Ms. Jackson was unable to contact petitioner, and petitioner did not contact her to reschedule or to discuss the case.  On June 16, 2004, Ms. Jackson sent petitioner a notice of determination

sustaining respondent's proposed levy as the appropriate means of collecting petitioner's unpaid liability for the 1998 tax year.

## Discussion

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing. Section 6330(c)(2)(A) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000). In addition, section 6330(c)(2)(B) establishes the circumstances under which a person may challenge the existence or amount of his or her underlying tax liability. Section 6330(c)(2)(B) provides:

> (2) Issues at hearing.--
> * * * * * * *
>      (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

On November 29, 2000, respondent sent a notice of deficiency to petitioner's S.E. 26th Street address. The notice was sent by certified mail, but petitioner contends that she does not recall receiving a notice of deficiency, and no petition for redetermination was filed with this Court.

Petitioner received mail subsequently sent to that address.

The notice of determination indicates that at the Appeals conference on February 26, 2004, petitioner admitted receiving the notice of deficiency and that her address had not changed.

Petitioner's only evidence on the issue is that she does not recall receiving the notice of deficiency. The Court concludes that petitioner received the notice of deficiency.

Because petitioner received the notice of deficiency and failed to file a petition with this Court, petitioner was not able to challenge her underlying 1998 tax liability in the Appeals Office hearing. Assuming, arguendo, that petitioner were permitted to challenge the underlying liability, she has failed to present sufficient evidence to support her position.

Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the administrative determination of the Appeals Office for abuse of discretion. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181-183. The Court reviews only whether the Appeals officer's refusal to accept petitioner's OIC was arbitrary, capricious, or without sound basis in fact or law. See Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Petitioner alleges that her tax liability was discharged in her Chapter 7 bankruptcy proceeding. The Supreme Court has stated in Young v. United States, 535 U.S. 43, 44 (2002), that "A discharge under the Bankruptcy Code does not extinguish certain

tax liabilities for which a return was due within three years before the filing of an individual debtor's petition." 11 U.S.C. secs. 523(a)(1)(A), 507(a)(8)(A)(i) (2000). Or to put it another way, an income tax is a nondischargeable priority claim against the estate if it relates to a tax return whose due date, including extensions, was within 3 years of the commencement of the bankruptcy case. 11 U.S.C. sec. 507(a)(8)(A)(i).

Petitioner filed a bankruptcy petition on January 15, 2002, which was discharged on December 13, 2002. The 1998 tax liability is, therefore, nondischargeable because it relates to a tax return the due date of which, including extensions, was within 3 years of the date the bankruptcy petition was filed. 11 U.S.C. secs. 523(a)(1), 507(a)(8)(A).

Petitioner did not pursue her opportunities to discuss collection alternatives with Ms. Jackson. She also failed to submit any financial information for Ms. Jackson to consider. Having reviewed the entire record, the Court cannot find that the determination sustaining respondent's proposed levy was an abuse of discretion. Accordingly, collection by levy of petitioner's

unpaid 1998 tax liability reflected in the notice of determination may proceed.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.